S03Y0319, S03Y0320, S03Y0321, S03Y0322, S03Y0323, S03Y0324.
IN THE MATTER OF LUTHER McDANIEL (six cases).
(577 SE2d 275)

PER CURIAM.

These disciplinary proceedings are before the Court on the Notices of Discipline the State Bar filed seeking to disbar Respondent Luther McDaniel pursuant to Bar Rule 4-208.1. Because McDaniel provided only a post office box as his address to the Membership Department of the State Bar, the Bar served him with the Notices of Discipline by publication in The Augusta Chronicle on December 6 and 11, 2002, and by a contemporaneous mailing to the post office box address, see Bar Rule 4-203.1 (b) (3) (ii). McDaniel did not reject the Notices of Discipline in accordance with the Bar Rules and, consequently, he is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.

*S03Y0319.* In this case, the facts as deemed admitted show that a client hired McDaniel to represent him in a dispute with a former employer; that a $15,000 settlement was reached and McDaniel deposited the check in his escrow account and issued a $13,500 check

to the client (taking the agreed upon $1,500 fee); that the check was returned for insufficient funds; that McDaniel commingled the funds with his own and used them for his own benefit, which McDaniel acknowledged; that McDaniel agreed to pay his client $20,000 in compensation but paid only $3,000; that McDaniel disconnected his telephone service and vacated his law office without a forwarding address; and that McDaniel did not respond to disciplinary authorities. Based on this conduct, McDaniel violated Rules 1.15 and 8.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

*S03Y0320.* A client filed a grievance against McDaniel because, after she hired McDaniel to represent her in a legal matter, he did not return her phone calls. He negotiated a settlement but did not inform the client he had received a check, which he deposited in his escrow account, commingled with his personal funds, and used for his own benefit. McDaniel did not respond to the Notice of Investigation. McDaniel thus violated Rules 1.3 and 1.4.

*S03Y0321.* In this matter, McDaniel represented a client in a criminal case. The client pled guilty on McDaniel's advice and asked for his file and for McDaniel to file a petition for sentence review. McDaniel did not respond to his client's requests and, although he personally acknowledged service of the Notice of Investigation, McDaniel did not respond to it and has been suspended pursuant to Bar Rule 4-204.3 (d). By his conduct, McDaniel violated Standards 22 and 44 of Bar Rule 4-102 (d), and Rules 1.3, 1.4, and 1.16.

*S03Y0322.* By virtue of his default, McDaniel admits that in this case he was hired by a client in an employment discrimination matter for which the client paid him a $3,500 retainer that McDaniel assured her would cover all fees and expenses. McDaniel assigned the case to an associate who later had to withdraw for health reasons leaving McDaniel to take sole responsibility for the case. McDaniel did not inform his client that he had received discovery requests and repeatedly canceled meetings scheduled with the client to discuss discovery and her deposition, which defendant had noticed. He returned only a few of the client's many phone calls and took no further action to pursue her case. The court ultimately granted defendant's motion to dismiss the case, due to McDaniel's failure to respond adequately to discovery, but McDaniel did not so inform his client and, upon termination by the client, failed to refund the unearned fees or return her file, and did not respond to the disciplinary authorities. McDaniel violated Rules 1.3 and 1.4 in this matter.

*S03Y0323.* In this case, a client hired McDaniel in connection with an employment discrimination case for which the client gave McDaniel a $3,500 retainer that he promised to draw down only as earned. McDaniel repeatedly assured his client he was pursuing her claim with the Department of Human Affairs, but he did nothing to

pursue the claim and the client subsequently terminated McDaniel's services and asked for a refund of unearned fees. McDaniel failed to return her calls and failed to appear at scheduled meetings, and he never refunded her money, nor did he respond to disciplinary authorities. As a result of this conduct, McDaniel violated Standards 22, 23, and 44, and Rules 1.3, 1.4, and 1.16.

*S03Y0324.* In this last matter, McDaniel agreed to defend a client in a criminal case but the client, who was incarcerated, never was able to reach McDaniel and McDaniel effectively withdrew from representing him. McDaniel did not respond to the Notice of Investigation in this matter. McDaniel thus violated Rules 1.3, 1.4, and 1.16.

By failing to respond to the Notices of Discipline in these cases, McDaniel admits that he violated the Standards and Rules set forth above. We have reviewed the record and agree with the State Bar that McDaniel should be disbarred. Accordingly, Luther McDaniel hereby is disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.

